O. E. KUHLMAN and Marie Kuhlman, Plaintiffs,

v.

TITLE INSURANCE COMPANY OF MINNESOTA, a corporation, Defendant.

No. 12163.

United States District Court
W. D. Missouri, W. D.

Aug. 10, 1959.

John G. Killiger, Kansas City, Mo., for plaintiff.

Martin B. Dickinson, Kansas City, Mo., for defendant.

DUNCAN, Chief Judge.

Plaintiffs, citizens of Missouri, instituted this action against the defendant, a foreign corporation, licensed to do business in the State of Missouri, to recover the sum of $10,000, the face value of a policy of title insurance issued by the defendant against defects of title to land purchased by the plaintiffs, which is described in the plaintiffs' deed as:

"A part of the east ½ of the Southwest ¼ of the Southeast ¼ of the Northeast ¼ of Section 27, Township 50, Range 33, described as follows: Beginning at a point 330 feet East and 610 feet North of the Southwest corner of said Southeast ¼ of the Northeast ¼ of said Section 27; thence East 330 feet; thence South 430 feet; thence West 150 feet; thence South 150 feet; thence West 30 feet; thence North 150 feet; thence West 150 feet; thence North 430 feet to the point of beginning, except part thereof in street or road, all in Kansas City, Jackson County, Missouri."

The same description used in the plaintiffs' deed was used in the Title Insurance contract.

Some time after the purchase of the tract, plaintiffs caused a building to be erected thereon to be used for industrial purposes, which was so designed and located on said tract of land that there was an area between the dock on the east side of plaintiffs' building and what plaintiffs thought to be their east boundary. Prior to the erection of the building, plaintiffs had been informed that it was necessary to afford a clearance of 60 feet in order to permit the largest of trucks to load and unload at the loading dock.

Prior to erecting the building plaintiffs caused a survey of the land to be made which located their east and west boundary lines, and it was with this survey in mind that they designed and located the building.

Some time thereafter, Mack Trucks, Inc., purchased all of the land adjoining plaintiffs' east boundary line, and caused a survey of its property to be made. This survey revealed that the true boundary was approximately 3.25 feet west of where plaintiffs had supposed it to be, and which had been designated by their survey.

After the determination of the property line by the Mack Trucks, Inc., survey, that company proceeded to build a fence on its boundary line, which left only 57 feet clearance rather than 60 feet within which trucks could approach plaintiffs' loading dock.

All of the parties agree that the survey obtained by Mack Trucks, Inc., was a correct survey.

It is plaintiffs' contention that their property has been damaged to the full extent of the amount of the policy because the 60 foot area is not sufficient to enable trucks properly to load and unload at their dock.

The policy of Title Insurance provides that it:

"Does Hereby Insure
O. E. Kuhlman
herein called the Insured, the heirs, devisees, personal representatives, or if a Corporation, the corporate successor or successors of the Insured, against loss or damage not exceeding Ten Thousand......Dollars which the Insured shall sustain by reason of any defects, including that of unmarketability in the fee simple title of O. E. Kuhlman, in the premises described below, as of the 6th day of July, 1955 at 3:01.7 P.M. [Describing the property heretofore set out] subject however to the following

"Exceptions
against which the Company does not, by this policy insure:
* * * * * *
"3. Facts which would be disclosed by an accurate survey of the premises herein described."

It is defendant's contention that this exclusion in its policy relieves it of liability.

Plaintiffs contend that when they sought title insurance from the defendant, it was the responsibility of the defendant to determine the correctness of the description in insuring the title to such property as the plaintiff actually purchased under their deed.

Had the survey obtained by the plaintiffs prior to the erection of the building been a correct survey, it would have revealed the exact location of plaintiffs' east boundary and their present difficulty would not have arisen.

 It is very apparent that the defendant was under no obligation to cause a survey to be made prior to issuing the policy, and that it insured the title only to such property as plaintiffs actually acquired. There can be no other reason for the exclusionary clause in its contract, and such exclusionary clause is binding upon the plaintiffs, and they are not entitled to recover.

A considerable amount of expert evidence was submitted concerning plaintiffs' damages and the method of establishing it. In view of the court's finding

of lack of liability, I see no reason to discuss this phase of the case.

The parties may submit final judgment entry in accordance herewith, within ten days.